IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK L. FRANKLIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-04-3212 |
| | § | |
| JOHN ASHCROFT, United States Attorney General, | § § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Frank L. Franklin's Petition for Writ of Habeas Corpus (Document No. 1) and Respondent's Motion to Dismiss (Document No. 5). Having considered the motions, submissions, and applicable law, the Court determines Petitioner's motion should be denied and Respondent's motion should be granted.

## BACKGROUND

On or about January 26, 2000, the Waco Independent School District Police Department of Waco, Texas, informed United States Postal Inspector Bruce Beckham that Frank Leslie Franklin ("Franklin") had allegedly shown students photos of naked women while employed as a security officer with the Waco Independent School District. Based on this information, law enforcement officers obtained a warrant for Franklin's arrest. When the officers arrived at Franklin's home to execute the arrest

warrant, Franklin gave the officers consent to search his home.  Upon searching, the officers discovered two computer disks, labeled "Kids 1" and "Kids 3." They seized the disks, and discovered that the disks contained images of minors engaging in sexually explicit conduct.

On April 11, 2000, the United States charged Franklin in a two-count indictment with (1) knowingly receiving child pornography transported in interstate or foreign commerce in violation of 18 U.S.C. § 2252A(a)(2); and (2)  knowingly possessing material that contains child pornography that has been transported in interstate or foreign commerce in violation of 18 U.S.C. § 2252A(a)(5)(b).

On August 3, 2000, in the United States District Court for the Western District of Texas, Waco Division, Franklin pled guilty to the second count of the indictment charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b).  On  November 16, 2000, Franklin was sentenced to twenty-one months of imprisonment to be followed by three years of supervised release.  On July 23, 2001, Franklin filed a motion for relief under 28 U.S.C. § 2255 complaining, *inter alia*, that his right to the effective assistance of counsel was abrogated as a result of his trial counsel's failure to pursue a direct appeal.  On September 13, 2001, Franklin amended his motion, and in December of 2001 the district court denied Franklin's motion for relief under § 2255.  Franklin filed a notice of appeal on January 4, 2002.

On April 16, 2002, while Franklin's appeal was pending, the United States Supreme Court held 18 U.S.C. § 2252A, also known as the Child Pornography Prevention Act of 1996, impermissibly interfered with the First Amendment right of freedom of speech by criminalizing possession of virtual child pornography. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253-56 (2002). Franklin then filed an amendment to his notice of appeal, urging the Fifth Circuit to review his case in light of *Free Speech Coalition*. The Fifth Circuit dismissed Franklin's notice of appeal on July 22, 2002. The Fifth Circuit did not address the holding of *Free Speech Coalition* in its denial.

On August 11, 2004, after exhausting all other avenues of appeal, Franklin, who is currently on home confinement under supervised release, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. Franklin claims the images found on his computer disks were of virtual children and thus, under *Free Speech Coalition*, his conviction should be vacated. In his motion, Franklin advances essentially two arguments. Franklin first argues that he has standing to apply for relief pursuant to 28 U.S.C. § 2241 under the savings clause of 28 U.S.C. § 2255. Second, Franklin asserts he is actually innocent of the crime of possession of child pornography because the computer disks found at his home contained images of virtual, not real, children. On November 1, 2004, the United States filed a motion to dismiss for want of jurisdiction,

or alternatively, for failure to state a claim upon which relief can be granted.

## LAW AND ANALYSIS

### I. Custody Requirement

In order for a court to grant a writ of habeas corpus the petitioner must be in custody. 28 U.S.C. § 2241(c) (2000). Petitioner's state of home confinement while under supervised release is considered custody for the purposes of a writ of habeas corpus. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (explaining that the interpretation of the "in custody" language of 28 U.S.C. § 2241 does not require that a petitioner be physically confined in order to challenge his sentence with a writ of habeas corpus). The United States does not dispute that Franklin is "in custody" for the purposes of this motion. Therefore, the Court determines that Franklin is "in custody" as required to file a § 2241 petition for a writ of habeas corpus.

### II. Standing Under 28 U.S.C. § 2241

Franklin attempts to attack the legality of his conviction by means of a § 2241 petition. Generally, a § 2241 petition challenges the manner in which a prisoner's sentence is carried out or the way a sentence is computed, and is usually not used to challenge the validity of the conviction. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 petition tends to be the primary means of collaterally attacking errors that occurred at or before sentencing. *Id.* For the most part, a § 2241 petition seeking

to challenge the validity of a sentence must either be dismissed or construed as a § 2255 petition. *Id*. at 452. However, a petitioner may use a § 2241 petition to attack the legality of his custody if the petitioner can satisfy the requirements of the savings clause of § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause of § 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (2000) (emphasis added). Thus, the Court may only consider Franklin's § 2241 motion if he can meet the requirements of the § 2255 savings clause. In order to satisfy the "inadequate or ineffective" requirements of the § 2255 savings clause, a petitioner must fulfill two conditions. *Reyes-Requena*, 243 F.3d at 903. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the Petitioner may have been convicted of a nonexistent offense." *Id*. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the Petitioner's trial, appeal, or first § 2255 motion." *Id*. This second condition is more commonly called actual innocence. *Id*.

A. Retroactivity

Franklin must first prove that the holding of *Free Speech Coalition* is retroactively applicable to his case. Generally, new constitutional rules of criminal procedure are not applied retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 306-07 (1989). However, there are two exceptions to this general rule. *Id.* First, a new rule should be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Id.* at 307. In the alternative, a new rule should be applied retroactively if it requires the observance of "those procedures that are 'implicit in the concept of ordered liberty.'" *Id.* Here, both the United States and Franklin agree that the holding of *Free Speech Coalition* falls into the first exception, and should be retroactively applied to the case at bar. Because both parties agree that the new rule created in *Free Speech Coalition* is retroactively applicable, the Court will assume the rule is retroactive for the purposes of its analysis.

B. Actual Innocence

Franklin must also prove that he is actually innocent of the crime of possession of child pornography to be eligible to seek relief under a § 2241 petition. In order to fulfill the actual innocence requirement, a petitioner must be in custody for conduct that is not prohibited by law. *Reyes-Requena*, 243 F.3d at 903. The burden falls on the

petitioner to demonstrate he is actually innocent of the crime for which he was convicted. *Id*. at 901 ("petitioner bears the burden of demonstrating the section 2255 remedy is inadequate or ineffective"). To determine if Franklin fulfilled this actual innocence requirement, the Court must examine the merits of his claim. Franklin contends that the images contained on his computer disks were of virtual children and not real children. Thus, Franklin claims because of *Free Speech Coalition*'s holding that possession of virtual child pornography is not illegal, he was wrongfully convicted of possession of child pornography. Franklin also argues he is actually innocent because there is no evidence on record that the images involved real children.

The Court determines, however, that Franklin can produce no evidence to support his claim. In order to successfully fulfill the actual innocence requirement, a petitioner must provide evidence to support his claim of innocence. *See Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (holding that actual innocence for the purposes of the savings clause could only be shown if the defendant could prove that he was convicted non-criminal conduct); *cf. Reyes-Requena* 243 F.3d at 904 (holding that the Petitioner's claim of actual innocence *along* with the government's concession that the facts would not support conviction under the new statutory interpretation fulfilled the actual innocence requirement). Here, Franklin does not provide any evidence to support his claim that the pornography contained only images of virtual

children. Rather, Franklin claims that the government has not adequately proven the pornography was of real children. Because the burden falls on the petitioner to prove actual innocence of a crime, Franklin's claim that the government provided no evidence that the images were of real children is insufficient to prove his claim that the disks contained images of virtual children.

The Court also notes that, in addition to not providing this Court with any evidence to support his claim, Franklin further failed to offer any indication to the trial court that the images on the disks were virtual children. In fact, Franklin pled guilty to the crime of possessing child pornography without objection or otherwise indicating the disks contained only images of virtual children. Specifically, during rearraignment, the government proffered the fact that the disks contained images of minors engaged in sexually explicit conduct. Franklin agreed with the government, and made no objection that the disks contained images of virtual children.

Because Franklin offers no evidence to prove that the disks contained images of virtual children, does not allege that he can provide any evidence, and because Franklin pled guilty to possessing child pornography without making any objection to the trial court, the Court determines Franklin cannot demonstrate he is actually innocent of the crime to which he pled guilty.

As the Court has determined that Franklin cannot demonstrate actual innocence,

§ 2241 relief is unavailable to Franklin under the savings clause of § 2255.  Thus, the Court is without jurisdiction to consider Franklin's claims filed under § 2241.  *See Jeffers*, 253 F.3d at 829 (explaining that the court can not consider a § 2241 petition because the petitioner failed to show that § 2255 relief was inadequate or ineffective).  Accordingly, the Court hereby

ORDERS Franklin's Petition for Writ of Habeas Corpus (Document No. 1) is DENIED.  The Court further

ORDERS Respondent's Motion to Dismiss (Document No. 5) is GRANTED.

SIGNED at Houston, Texas, on this   8th   day of June, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge